# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:14CV381 |
| vs. | : |
| | : Judge Thomas M. Rose |
| REAL PROPERTY KNOWN AS 35 COMMERCIAL WAY SPRINGBORO, OHIO 45066, ET AL. | : |
| Defendant. | : |

## ANSWER OF CLAIMANTS HEIDI BLACK, INDIVIDUALLY AND AS SUCCESSOR TRUSTEE OF THE JOHN HOOK REVOCABLE TRUST; LYNN STODDARD; AND JONDA BAUCH

Now comes Claimants Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; and Jonda Bauch ("Claimants"), by and through counsel, and for their Answer to the Complaint filed by Plaintiff United States of America ("Plaintiff") (hereinafter "Plaintiff's Complaint") state as follows:

### NATURE OF THE ACTION

1. Claimants admit the allegation contained in numbered Paragraph 1 of Plaintiff's Complaint.

2. Claimants admit the allegation contained in numbered Paragraph 2 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

3. Claimants admit the allegations contained in numbered Paragraph 3 of Plaintiff's Complaint.

4. Claimants admit that the information contained in numbered Paragraph 4 is a correct summation of 28 U.S.C. § 1355(b)(1).

5. Claimants admit that the information contained in numbered Paragraph 5 is a correct summation of 28 U.S.C. § 1395.

6. Claimants admit the allegations of numbered Paragraph 6 with respect to venue being proper within this district to the extent the Real Property at issue is located within this district, but deny the remaining allegations contained in numbered Paragraph 6 of Plaintiffs Complaint.

## THE DEFENDANTS IN REM

7. Claimants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in numbered Paragraph 7 of Plaintiff's Complaint and therefore deny the same.

8. Claimants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in numbered Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

9. Claimants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in numbered Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

10. Claimants admit that the second defendant real property (hereinafter "Defendant Two") is the property commonly known as 496 South Houston Pike, South Vienna, Ohio 45360 and Claimants claim to be the true and rightful owners of the property.

11.	Claimants admit the allegations contained in numbered Paragraph 11 of Plaintiff's Complaint.

12.	Claimants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in numbered Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

13.	Claimants admit the allegations contained in numbered Paragraph 13 of Plaintiff's Complaint.

14.	Claimants admit that Defendant Real Properties are located within the district and/or within the jurisdiction of the Court. Further answering, Claimants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numbered Paragraph 14 of Plaintiff's Complaint, and therefore, deny the same.

15.	Claimants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in numbered Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

## FACTS

16.	In response to numbered Paragraph 16, Claimants incorporate by reference their answers set forth in Paragraphs 1 through 15 as though fully rewritten herein.

17.	The allegations contained in numbered Paragraph 17 purports to state a legal conclusion to which no response is required. To the extent an Answer is required Claimants deny the allegations contained in numbered Paragraph 17 of Plaintiff's Complaint.

## **FIRST CLAIM FOR RELIEF**

18. The allegations contained in numbered Paragraph 18 purport to state a legal conclusion to which no response is required.

19. The allegations contained in numbered Paragraph 19 purport to state a legal conclusion to which no response is required. To the extent an Answer is required Claimants deny the allegations contained in numbered Paragraph 19 of Plaintiff's Complaint.

## **SECOND CLAIM FOR RELIEF**

20. The allegations contained in numbered Paragraph 20 purport to state a legal conclusion to which no response is required.

21. The allegations contained in numbered Paragraph 21 purport to state a legal conclusion to which no response is required.

22. The allegations contained in numbered Paragraph 22 purport to state a legal conclusion to which no response is required. To the extent an Answer is required Claimants deny the allegations contained in numbered Paragraph 22 of Plaintiff's Complaint.

23. In response to the allegations in the Paragraphs entitled "WHEREFORE" Claimants deny that Plaintiff is entitled to the relief requested and deny that Plaintiff is entitled to any relief whatsoever in regards to the Defendant Two property.

24. In response to the allegation in the Paragraph entitled "JURY DEMAND" Claimants admit that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25. Claimants deny each and every allegation not otherwise expressly and specifically admitted herein.

### Second Affirmative Defense

26. Claimants are the true and rightful owners of the Defendant Two property.

### Third Affirmative Defense

27. Plaintiff's seizure of the Defendant Two property violates the Claimants' Fourth Amendment right to be free from illegal searches and seizures.

### Fourth Affirmative Defense

28. Claimants, as innocent owners of the Defendant Two property, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

### Fifth Affirmative Defense

29. Claimants had entered into a Real Estate Purchase Contract to sell the Defendant Two property to the alleged perpetrator of the activities that led to this forfeiture action; however the Purchaser breached the terms of the contract and in accordance with the contract terms the property is to be deeded back to the Claimants.

### Sixth Affirmative Defense

30. Claimants are the true and rightful owners of the Defendant Two property because the Purchaser of the property was unjustly enriched by maintaining ownership of the property despite not paying the Claimants.

### Seventh Affirmative Defense

31. Claimants are the true and rightful owners of the Defendant Two property because the Purchaser of the property defrauded the Claimants by taking title to the property with no intent to pay for the property.

### Eighth Affirmative Defense

32. Claimants are the true and rightful owners of the Defendant Two property under the theory of promissory estoppel, because the Claimants in good faith relied on the statements made by the Purchaser and Steven C. Scudder to their detriment.

### Ninth Affirmative Defense

33. Claimants are the true and rightful owners of the Defendant Two property because the Purchaser took the property by fraud and Purchaser and Steven C. Scudder and his successor therefore only held it in a constructive trust for the Claimants.

### Tenth Affirmative Defense

34. At all times material to this action and the allegations set forth in the Complaint, Claimants acted lawfully, in good faith, and with reasonable grounds for believing that its acts and conduct with respect to Defendant Two property were not in violation of any federal, state, or local law.

### Eleventh Affirmative Defense

35. The Defendant Two property is neither the proceeds of illegal activity; nor has a sufficient nexus to any alleged illegal activity to be subject to forfeiture; nor was acquired with the proceeds of illegal activity.

36. Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

**WHEREFORE**, Claimants respectfully requests that this Court: 1) dismiss Plaintiff's Complaint for Forfeiture of the Defendant Two property with prejudice; 2) enter judgment on Claimants behalf granting full ownership rights in the Defendant Two property; 3) award Claimants their costs and fees incurred in defending this action, including attorneys' fees; and 4) grant Claimants such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Mark W. Mason*

By: DAVID C. BARRETT, JR. (#0017273)
E-MAIL: dbarrett@ohiocounsel.com
KRISTI KRESS WILHELMY (#0078090)
E-MAIL: kkwilhelmy@ohiocounsel.com
MARK W. MASON (#0084898)
E-MAIL: mmason@ohiocounsel.com
**BARRETT, EASTERDAY,**
**CUNNINGHAM & ESELGROTH LLP**
7259 Sawmill Road
Dublin, Ohio 43016
Telephone: 614-210-1840
FAX: 614-210-1841
Attorneys for Claimants Heidi Black, individually and as Successor Trustee of the John Hook Revocable Trust, Lynn Stoddard and Jonda Bauch

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Answer of Claimants Heidi Black, Individually and as Successor Trustee of the John Hook Revocable Trust; Lynn Stoddard; and Jonda Bauch was served via the Court's ECF System upon the following on this 19th day of December 2014:

Pamela N. Stanek, Esq. pamela.stanek@usdoj.gov
Trustee, John Paul Rieser, Esq. attyecfdesk@riesermarx.com
Dennis Eugene Gump, Esq. denny@gumplaw.com
Dwight D. Brannon, Esq. dbrannon@branlaw.com

And by regular U.S. Mail, postage prepaid, on the following on this 19th day of December 2014:

Carter M. Stewart, Esq.
United States Attorney
600 Federal Building
200 West Second Street
Dayton, Ohio 45402

David Zoellner, pro se
411 Walnut St. #4711
Green Cove Springs, FL 32043

_____
MARK W. MASON (#0084898)
Attorney for Claimants

Page 8 of 8