# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:14-CV-381 |
| | : | Judge Thomas M. Rose |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| (1) REAL PROPERTY KNOWN AS 35 COMMERCIAL WAY SPRINGBORO, OHIO 45066, | : | |
| et al. | : | |
| Defendants. | : | |

## RULE 26(f) REPORT OF CLAIMANT JOHN PAUL RIESER, CHAPTER 7 BANKRUPTCY TRUSTEE FOR WILLIAM APOSTELOS

1. The Fed. R. Civ. P. 26(f) meeting has not been held yet. Counsel for Claimant, John Paul Rieser, and Counsel for Plaintiff, Pamela Stanek, were scheduled to have a telephone conference on January 6, 2015. The conference was cancelled at Ms. Stanek's request. It is has tentatively been rescheduled for the week of March 2-6, 2015.

2. <u>The parties will exchange Rule 26(a)(1) disclosures by</u>: Unknown.

   John Paul Rieser, Chapter 7 Trustee for William Apostelos, (hereinafter, "Claimant") requested documents from Plaintiff in a letter dated January 7, 2015. Plaintiff has not produced the documents, citing various claims of privilege.

3. Claimant does **not** unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). (Claimant has filed a Notification of Bankruptcy and Suggestion of Stay [Docket No. 10].)

4. Recommended cut-off date for filings of motions directed to the pleadings: Unknown. Claimant cannot determine what motions should be filed, or prepare an adequate defense, until such time as Plaintiff is willing to provide documents in support of its complaint. Plaintiff has thus far declined to supply any documents to Claimant, on the grounds that they may be grand jury materials and/or part of the criminal investigation.

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: Unknown. (See explanation in Paragraph 4.)

6. Recommended Discovery Plan:

   a.) Claimant needs copies of all documents in Plaintiff's possession pertaining to the allegations in the complaint;

   b.) Claimant cannot determine how many depositions and interrogatories are needed until such time as Claimant reviews the documents;

   c.) Additional recommended limitations on discovery: Unknown at this time.

   d.) Recommended date for disclosure of lay witnesses: Cannot be determined until such time as Plaintiff produces documents to Claimant.

   e.) Expert testimony needed: Cannot be determined until such time as Plaintiff produces documents to Claimant.

   f.) Recommended date for making primary expert designations: Cannot be determined until such time as Plaintiff produces documents to Claimant.

g.) Recommended date for making rebuttal expert designations: Cannot be determined until such time as Plaintiff produces documents to Claimant.

h.) Electronically stored information: Claimant has not been granted access to Plaintiff's records, electronically stored or otherwise.

i.) This case presents the following issues relating to claims of privilege or of protection as trial preparation materials: Claimant anticipates that William Apostelos and other key witnesses may assert their Fifth Amendment privilege in this matter. Other issues are unknown at this time.
Have the parties agreed on a procedure to assert such claims AFTER production?
No.

j.) Recommended discovery cut-off date: Cannot be determined until such time as Plaintiff produces documents to Claimant.

7. Recommended dispositive motion date: Claimant cannot prepare dispositive motions or an adequate defense until such time as Plaintiff is willing to provide documents in support of its complaint.

8. Recommended date for status conference: None.

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution: None.

10. Recommended date for a final pretrial conference: Claimant cannot make a recommendation until he knows when the Plaintiff will produce documents.

11. Has a settlement demand or response been made? No.

12. Other matters pertinent to scheduling or management of this litigation: For the reasons set forth above and in the interest of justice, Claimant respectfully suggests that this case should be stayed due to the bankruptcy filing of William Apostelos.

Respectfully submitted,

*/s/ John Paul Rieser*

_____
John Paul Rieser, Esq. (0017850)
Counsel for John Paul Rieser as Chapter 7
Bankruptcy Trustee for William Apostelos,
Claimant herein
Rieser & Marx LLC, Of Counsel
7925 Graceland Street
Dayton, Ohio 45459-3834
Tel: (937) 224-4128 Fax: (937) 224-3090
E-mail: attyecfdesk@riesermarx.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby states that a true copy of the foregoing was sent to the following parties via the Court's ECF system on the 26th day of February, 2015:

David Carroll Barrett, Jr. dbarrett@ohiocounsel.com
Dwight D. Brannon dbrannon@branlaw.com
Christopher R. Conard conard@coollaw.com
Dennis E. Gump denny@gumplaw.com
Mark W. Mason mmason@farmlawyers.com
Jon Paul Rion info@rionlaw.com
Pamela M. Stanek pamela.stanek@usdoj.gov
Kristi K. Wilhelmy kkwilhelmy@farmlawyers.com

*/s/ John Paul Rieser*

_____
John Paul Rieser (0017850)